UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT


SCOTT E. LEWIS,
    PLAINTIFF                      :        CASE NO. 3:16-CV-1382

VS.

THE CITY OF NEW HAVEN, CHIEF OF
POLICE NICHOLAS PASTORE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
AND OFFICERS VINCENT RAUCCI, ROBERT
LAWLOR, VAUGHN MAHER, JOSEPH
PETTOLA, AND MICHAEL SWEENEY, IN THEIR
INDIVIDUAL CAPACITIES
    DEFENDANTS                :        NOVEMBER 10, 2016


## ANSWER AND AFFIRMATIVE DEFENSES OF NICHOLAS PASTORE (IN HIS INDIVIDUAL CAPACITY)

1-7. As to the allegations of Paragraphs 1-7, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

8. The Defendant, Nicholas Pastore denies each and every one of the substantive claims set forth in Paragraph 8.

9-10. As to the allegations of Paragraphs 9-10, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

11. Admitted.

12. This paragraph sets forth a demand for trial by jury and, such, does not require a response from this defendant.

13. As to the allegation of this paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

14. As to the allegation that Defendant City of New Haven is, and at all times relevant to this Complaint was, a municipality located in the State of Connecticut, it is admitted. As to the allegation that The City of New Haven was, at all time relevant to this Complaint, officially responsible for the policies, practices, and customs of the NHPD, and was the employer of the individual NHPD Defendants in this matter, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the allegation that at all times relevant to this Complaint, the City

of New Haven delegated policy-making authority regarding the NHPD to the NHPD Chief of Police, it is denied that the NHPD Chief of Police had exclusive policy-making authority as it related to the NHPD.

15. It is admitted that Defendant, Nicholas Pastore, at all times relevant to this Complaint, was an employee of the NHPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New Haven and the NHPD. That Pastore served as the NHPD's Chief of Police from approximately February 1990 to early 1997, when he resigned is admitted. That The Chief of Police is responsible for setting the policies and practices of the NHPD, and is the final policy-maker for police actions on behalf of the City of New Haven, is denied as, the Board of Police Commissioners for the City of New Haven acts in conjunction with the Chief of Police, in setting and implementing policies and practices of the NHPD. The Defendant Pastore does not respond to the allegation, to wit, "Pastore is named in both

his individual capacity and his office capacity" as, such allegation does not require a response from this Defendant.

16-22. As to the allegations of Paragraphs 16-20, this defendant has insufficient knowledge with which to form a belief and therefore leaves the plaintiff to its proof of same

23. As to the allegation that these murders attracted significant public attention in the following weeks and months, in part because Mr. Turner was a former alderman of the City of New Haven, Defendant Pastore has insufficient knowledge with which to form a belief and therefore leaves the plaintiff to its proof of same. It is admitted that the Governor authorized a $20,000.00 reward for information leading to an arrest and conviction.

24-39. As to the allegations of Paragraphs 24-39, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

40. As to the allegation as well before the Turner/Fields murders, Detective Raucci had developed illicit and illegal connections to Mr. Parise and his criminal organization", the Defendant Pastore has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the allegation, "numerous individuals, including both civilians and members of the NHPD, reported to the FBI that Raucci and Mr. Parise appeared to be working together prior to and during the timeframe at issue in this case", it is denied. As to the remainder of paragraph 40, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

41-116. As to the allegations of Paragraphs 41-116, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

117. Insofar as any of the allegations in this paragraph allege conduct on the part of the Defendant Pastore, individually, those allegations are denied.

118. Insofar as any of the allegations in this paragraph allege conduct on the part of the Defendant Pastore, individually, those allegations are denied.

119. To the extent that this paragraph alleges that the Defendant Pastore failed to supervise and discipline Raucci, as appropriate, is denied.

120. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

121. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

122. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

123. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

124. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

125. The Defendant Pastore, individually, does not respond to the allegations set forth in this paragraph as, they are not directed against him.

126. The allegation that, in April 1990, NHPD Chief Pastore decided to again promote then Sargeant Billy White, is denied, in his individual capacity. It is also denied that the Defendant Pastore promoted White to head of the Criminal Intelligence Section of the NHPD. It is denied that, "one of the goals of White's new position was to assist Chief Pastore in responding to community complaints of excessive force and ineffective drug policy". As to the remainder the Paragraph, the Defendant Pastore, in his individual capacity, has insufficient information with which to respond and, therefore leaves the plaintiff to his proof of the same.

127-129. As to the allegations of Paragraphs 127-129, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

130. As the allegations set forth in this paragraph are not directed to the Defendant Pastore in his individual capacity, he does not respond to the same.

131. As the allegations set forth in this paragraph are not directed to the Defendant Pastore in his individual capacity, he does not respond to the same.

132. Denied as to the Defendant Pastore.

133. Denied as to the Defendant Pastore.

134. Denied as to the Defendant Pastore.

135. Denied as to the Defendant Pastore.

136. Denied as to the Defendant Pastore.

137-138. As to the allegations of Paragraphs 137-138, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

139. As the Defendant Pastore has no present knowledge of any communications from an individual by the name of Hector Ortiz,

on a date or dates not specified in this paragraph, he is unable to respond to the same.

140. As to that portion of this paragraph which states, "moreover, on multiple occasion prior to Mr. Lewis' trial and conviction, Raucci engaged in misconduct with witnesses that was similar to his tactics with Ruiz, Roque, and Morant", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, "this misconduct was known to high level NHPD supervisors, including Chief Pastore", is denied.

141. That portion of this paragraph which reads, as to, "for example, on or around May 10, 1991, Raucci coerced a witness into providing a taped statement implicating Raucci's suspect in the high profile murder of Yale University student Christian Prince. Like Jose Roque in this case, the witness recanted and testified at trial that, after being arrested on unrelated drug charges, he was coerced by Raucci into making the taped statement that incorporated details provided to the witness by Raucci", this defendant has insufficient knowledge with which to form a belief,

and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, "given the high-profile nature of the Prince murder, supervisors up to and including Chief Pastore, knew or should have known about the allegations of misconduct made against Raucci", it is denied as to the Defendant Pastore.

142. As to that portion of this paragraph which states, "Raucci continued this pattern of fabricating witness statements through the time of Mr. Lewis' trial and conviction in 1995. Raucci was assigned as the lead investigator regarding the August 1995 stabbing murder of Kevin "Goober" Brahan. In that investigation, just like he had done with Ruiz in this case. Raucci first interviewed a witness off tape and then later obtained a taped statement that contradicted the witness' prior statements", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. Although the Defendant Pastore, individually, as Chief of Police, was in a supervisory role to Raucci, he was not his immediate supervisor.

143. As to the allegation of this paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

144. The Defendant Pastore, individually, has no present knowledge of the allegations set forth in this paragraph and, accordingly, leaves the plaintiff to his proof of the same.

145. As to that portion of this paragraph which states, "finally, Raucci's misconduct, including his work with drug dealers like Mr. Parise, led to him developing a drug problem", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, is denied as to the Defendant Pastore.

146. As to that portion of the paragraph which states, "the FBI's investigation into Raucci uncovered evidence that Raucci used drugs beginning in the late 1980s, while a member of the NHPD Street Crimes Unit, until well after Mr. Lewis' trial and conviction. FBI surveillance witnessed Raucci frequenting drug locations with no legitimate police reason for doing so", this

defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph which states, "the FBI's investigation also confirmed that NHPD supervisors, including Chief Pastore, were aware of Raucci's drug habit", is denied as to the Defendant Pastore.

147. As to that portion of the paragraph which states, "in or around May 1995, Defendant Lawlor, by then a Lieutenant and head of detectives, instructed another officer to follow Raucci after Raucci failed to respond to repeated radio calls on several occasions. On two consecutive nights, the officer followed Raucci to a known drug location and observed him staying inside for several hours each night. When confronted later, Raucci said the house was occupied by drug dealers, prostitutes, and one of his confidential informants", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph which states, "Chief Pastore ordered Raucci to stay out of the area, but investigators and Chief Pastore soon learned

that Raucci disregarded this direction and moved next door", as the Defendant Pastore, individually, has no present memory of these allegations, he is unable to respond to the same.

148-162. As to the allegations of Paragraphs 148-162, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

163. So much of the paragraph which states, "shortly after the FBI investigation began, but before Mr. Lewis was sentenced", is no knowledge. So much of the paragraph which states, "NHPD Chief of Police Pastore came to see Mr. Lewis", is admitted. So much of the paragraph which states, "Mr. Lewis told Pastore, in substance, that he was innocent and that Raucci was a corrupt officer who was involved with Frank Parise and engaged in misconduct on Parise's behalf", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, "Pastore, however, told Mr. Lewis that he stood by Raucci", it is denied.

164. Denied.

165-178. As to the allegations of Paragraphs 165-178, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

179. Denied as to the Defendant Pastore, individually.

180. Denied as to the Defendant Pastore, individually.

181. Denied as to the Defendant Pastore, individually.

182. Denied as to the Defendant Pastore, individually.

183. Denied as to the Defendant Pastore, individually.

184-191. As the allegations set forth in Count I of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

192-198. As the allegations set forth in Count II of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

199-202. As the allegations set forth in Count III of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

203-206. As the allegations set forth in Count IV of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

207. The Defendant Pastore incorporates by reference all of his responses to the foregoing paragraphs.

208. The Defendant Pastore, individually, denies that the Defendants, Sweeney, Pettola, and/or Lawlor were not adequately trained, supervised or disciplined by him.

209. Denied as to the Defendant Pastore, individually.

210. Denied as to the Defendant Pastore, individually.

211. Denied as to the Defendant Pastore, individually.

212. Denied as to the Defendant Pastore, individually.

213. Denied as to the Defendant Pastore, individually.

214-222. As the allegations set forth in Count VI of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

223-229. As the allegations set forth in Count VII of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

230-235. As the allegations set forth in Count VIII of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

236-242. As the allegations set forth in Count IX of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

243. The Defendant Pastore incorporates by reference all of his responses to the foregoing paragraphs.

244. The Defendant Pastore, individually, admits, that at all times he was acting within the scope of his employment and under the color of law to the extent that the remainder of such paragraph purports to set forth the inclusions of law, the Defendant Pastore, individually, does not respond thereto.

245. Denied as to the Defendant Pastore, individually.

246. Denied as to the Defendant Pastore, individually.

247. Denied as to the Defendant Pastore, individually.

248-252. As the allegations set forth in Count XI of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

253-255. As the allegations set forth in Count XII of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

256-258. As the allegations set forth in Count XIII of this Complaint are not directed to the Defendant Pastore, individually, he does not respond to the same.

**BY WAY OF AFFIRMATIVE DEFENSES:**

**FIRST AFFIRMATIVE DEFENSE:**

The plaintiff's complaint, or specific portions thereof, fail(s) to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Pastore, individually, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from all liability therefor.

**THIRD AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Pastore, individually, did not violate any clearly established

constitutional or federal statutory right of which the Defendant Pastore, individually, reasonably should have been aware, and he is therefor entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

Some or all of the claims brought against the Defendant Pastore, individually, are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE:**

The plaintiff's complaint is barred by the applicable statute of repose.

```
                        SUBMITTED ON BEHALF OF
                        THE DEFENDANT,
                        NICHOLAS PASTORE

                    BY_____
                        STEPHEN P. DEL SOLE
                        DEL SOLE & DEL SOLE, L.L.P.
                        46 SOUTH WHITTLESEY AVENUE
                        WALLINGFORD, CT 06492
                        (203) 284-8000
                        (203) 284-1539 FAX
                        FEDERAL BAR NO. ct04493
                        STEPHEN@DELSOLEDELSOLE.COM.
```

## CERTIFICATION

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/EFC System.

Richard Emanuel
Law Offices of Richard Emanuel
246 Good Lane, Suite 106
Guilford, CT 06437
netrials@comcast.net
for plaintiff, Scott T. Lewis

Nick Brustin
Emma Freudenberger
Farhang Heydari
Vishal Agraharkar
Neufeld, Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
farhang@nsbcivilrights.com
for plaintiff, Scott T. Lewis

Christopher M. Neary
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510
CNeary@newhavenct.gov
for defendant, City of New Haven

Thomas E. Katon
Michael J. Pinto
Susman, Duffy & Segaloff, P.C.
59 Elm Street
P.O. Box 1684

New Haven, CT 06507-1684
TKaton@susmanduffy.com
MPinto@susmanduffy.com
for defendant, Michael Sweeney

_____
Stephen P. Del Sole