UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SCOTT E. LEWIS,
    PLAINTIFF               :        CASE NO. 3:16-CV-1382

VS.

THE CITY OF NEW HAVEN, CHIEF OF
POLICE NICHOLAS PASTORE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
AND OFFICERS VINCENT RAUCCI, ROBERT
LAWLOR, VAUGHN MAHER, JOSEPH
PETTOLA, AND MICHAEL SWEENEY, IN THEIR
INDIVIDUAL CAPACITIES
    DEFENDANTS            :        NOVEMBER 14, 2016

## **ANSWER AND AFFIRMATIVE DEFENSES OF ROBERT LAWLOR (IN HIS INDIVIDUAL CAPACITY)**

INTRODUCTION:

1-6. As to the allegations of Paragraphs 1-6, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

7. To the extent that this paragraph alleges conduct on the part of the Defendant Lawlor, he denies any such allegations.

8. Denied as to the Defendant Lawlor.

9-10.   As to the allegations of Paragraphs 9-10, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

11.   Admitted.

12.   This paragraph sets forth a demand for trial by jury and, such, does not require a response from this defendant.

13.   As to the allegations of this Paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

14.   As to the allegation that the Defendant City of New Haven is, and at all times relevant to this Complaint was a municipality located in the State of Connecticut, it is admitted. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

15-16.   As to the allegations of Paragraphs 15-16, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

17. As to the allegations that "Defendant Robert Lawlor, at all time relevant to this Complaint, was a duly appointed and acting officer of the NHPD acting under color of law and within the scope of employment pursuant to the statues, ordinances, regulations, policies, customs and usage of the City of New Haven and the NHPD. Lawlor was a member of the NHPD for 26 years. He began as an NHPD patrolman in 1970 and retired as a Lieutenant in 1995 (after Mr. Lewis's conviction), at which time he was a supervisor of the NHPD's investigative services division, which included the NHPD detectives. By January 1991, Lawlor was a Sergeant" it is admitted. As to the remainder of the Paragraph, it is denied.

18-25. As to the allegations of Paragraphs 18-25, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

26. As to the allegation that "Defendant Detective Vaughn Maher led the NHPD's initial investigation into the murders, conducting or assigning the majority of the investigative tasks", this defendant has insufficient knowledge with which to form a

belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the Paragraph, it is denied.

27-47.  As to the allegations of Paragraphs 27-47, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

48.  It is admitted that the Defendant Pettola was present during a single interview conducted by the Defendant Raucci. As to the remainder of the Paragraph, it is denied by the Defendant Lawlor.

49-58.  As to the allegations of Paragraphs 49-58, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

59.  The Defendant Lawlor denies having viewed any alleged misconduct on the part of the Defendant Raucci.

60-67.  As to the allegations of Paragraphs 60-67, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

68.  Denied as to the Defendant Lawlor.

69. That portion of the paragraph that states, "in direct contrast to Sweeney's sworn testimony", this defendant has insufficient knowledge with which to form a belief and therefore leaves the plaintiff to its proof of same. That portion of the paragraph that states, "Lawlor has testified that no such conversation with Sweeney ever took place", it is admitted. As to the remainder of the paragraph, it is denied.

70. That portion of the paragraph that states, "either Sweeney never reported the exculpatory information about Ruiz to Lawlor", is admitted. That portion of the paragraph that states, "or Sweeney did report this information and Lawlor suppressed it", is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

71-95. As to the allegations of Paragraphs 71-95, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

96. That portion of the paragraph that states, "by January 1991, once Raucci became involved in the Turner-Fields

investigation, all of this information regarding Cardwell was known to Maher and Raucci", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, it is denied.

97-100. As to the allegations of Paragraphs 97-100, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

101. Denied as to the Defendant Lawlor.

102-131. As to the allegations of Paragraphs 102-131, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

132. Denied as to the Defendant Lawlor.

133. Denied as to the Defendant Lawlor.

134. Denied as to the Defendant Lawlor.

135-141. As to the allegations of Paragraphs 135-141, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

142. That portion of the paragraph that states, "Raucci continued this pattern of fabricating witness statements through the time of Mr. Lewis's trial and conviction in 1995. Raucci was assigned as the lead investigator regarding the August 1995 stabbing murder of Kevin "Goober" Brahan. In that investigation, just like had had done with Ruiz in this case, Raucci first interviewed a witness off tape and then later obtained a taped statement that contradicted the witness's prior statements", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, it is denied as to the Defendant Lawlor.

143. The Defendant Lawlor has no memory of having provided "sworn testimony that between 1990 to 1995, he had received complaints of misconduct by Raucci".

144-146. As to the allegations of Paragraphs 144-146, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

147. Denied.

148-178.  As to the allegations of Paragraphs 148-178, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

179. Denied as to the Defendant Lawlor.

180. Denied as to the Defendant Lawlor.

181. Denied as to the Defendant Lawlor.

182. Denied as to the Defendant Lawlor.

183. Denied as to the Defendant Lawlor.

184. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

185. Denied as to the Defendant Lawlor.

186. Denied as to the Defendant Lawlor.

187. Denied as to the Defendant Lawlor.

188. Denied as to the Defendant Lawlor.

189-190.  As to the allegations of Paragraphs 189-190, this Defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

191. Denied as to the Defendant Lawlor.

192. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

193. Denied as to the Defendant Lawlor.

194. Denied as to the Defendant Lawlor.

195. Denied as to the Defendant Lawlor.

196. Denied as to the Defendant Lawlor.

197. Denied as to the Defendant Lawlor.

198. Denied as to the Defendant Lawlor.

199. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

200. Denied as to the Defendant Lawlor

201. Denied as to the Defendant Lawlor.

202. Denied as to the Defendant Lawlor.

203. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

204. Denied as to the Defendant Lawlor.

205. Denied as to the Defendant Lawlor.

206. Denied as to the Defendant Lawlor.

207. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

208. Denied as to the Defendant Lawlor.

209. Denied as to the Defendant Lawlor.

210. Denied as to the Defendant Lawlor.

211. Denied as to the Defendant Lawlor.

212. Denied as to the Defendant Lawlor.

213. Denied as to the Defendant Lawlor.

214-222. As to the allegations of Paragraphs 214-222, the Defendant Lawlor does not respond to the allegations set forth in Count XI as, they are not directed against him.

223. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

224. Denied as to the Defendant Lawlor.

225. Denied as to the Defendant Lawlor.

226. Denied as to the Defendant Lawlor.

227. Denied as to the Defendant Lawlor.

228. As to the allegations of this paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

229. Denied as to the Defendant Lawlor.

230. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

231. Denied as to the Defendant Lawlor.

232. Denied as to the Defendant Lawlor.

233. Denied as to the Defendant Lawlor.

234. Denied as to the Defendant Lawlor.

235. Denied as to the Defendant Lawlor.

236. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

237. Denied as to the Defendant Lawlor.

238. Denied as to the Defendant Lawlor.

239. Denied as to the Defendant Lawlor.

240. Denied as to the Defendant Lawlor.

241. Denied as to the Defendant Lawlor.

242. Denied as to the Defendant Lawlor.

243. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

244. Denied as to the Defendant Lawlor.

245. Denied as to the Defendant Lawlor.

246. Denied as to the Defendant Lawlor.

247. Denied as to the Defendant Lawlor.

248. The Defendant Lawlor incorporates by reference his responses to all of the foregoing paragraphs.

249. Denied as to the Defendant Lawlor.

250. Denied as to the Defendant Lawlor.

251. As to the allegations in this paragraphs, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

252. Denied as to the Defendant Lawlor.

253-255. As to the allegations of Paragraphs 214-222, the Defendant Lawlor does not respond to the allegations set forth in Count XII as, they are not directed against him.

256-258. As to the allegations of Paragraphs 214-222, the Defendant Lawlor does not respond to the allegations set forth in Count XIII as, they are not directed against him.

**BY WAY OF AFFIRMATIVE DEFENSES:**

**FIRST AFFIRMATIVE DEFENSE:**

The plaintiff's complaint, or specific portions thereof, fail(s) to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Lawlor, individually, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from all liability therefor.

**THIRD AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Lawlor, individually, did not violate any clearly established constitutional or federal statutory right of which the Defendant Lawlor, individually, reasonably should have been aware, and he is therefor entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

Some or all of the claims brought against the Defendant Lawlor, individually, are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE:**

The plaintiff's complaint is barred by the applicable statute of repose.

```
                              SUBMITTED ON BEHALF OF
                              THE DEFENDANT,
                              ROBERT LAWLOR

                         BY   /s/ Stephen P. Del Sole
                              STEPHEN P. DEL SOLE
                              DEL SOLE & DEL SOLE, L.L.P.
                              46 SOUTH WHITTLESEY AVENUE
                              WALLINGFORD, CT 06492
                              (203) 284-8000
                              (203) 284-1539 FAX
                              FEDERAL BAR NO. ct04493
                              STEPHEN@DELSOLEDELSOLE.COM.
```

## CERTIFICATION

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/EFC System.

Richard Emanuel
Law Offices of Richard Emanuel
246 Good Lane, Suite 106
Guilford, CT 06437
netrials@comcast.net
for plaintiff, Scott T. Lewis

Nick Brustin
Emma Freudenberger
Farhang Heydari
Vishal Agraharkar
Neufeld, Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
farhang@nsbcivilrights.com
for plaintiff, Scott T. Lewis

Christopher M. Neary
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510
CNeary@newhavenct.gov
for defendant, City of New Haven

Thomas E. Katon
Michael J. Pinto
Susman, Duffy & Segaloff, P.C.

59 Elm Street
P.O. Box 1684
New Haven, CT 06507-1684
TKaton@susmanduffy.com
MPinto@susmanduffy.com
for defendant, Michael Sweeney

_____
Stephen P. Del Sole