UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SCOTT E. LEWIS,
     PLAINTIFF         .    :        CASE NO. 3:16-CV-1382

VS.

THE CITY OF NEW HAVEN, CHIEF OF
POLICE NICHOLAS PASTORE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
AND OFFICERS VINCENT RAUCCI, ROBERT
LAWLOR, VAUGHN MAHER, JOSEPH
PETTOLA, AND MICHAEL SWEENEY, IN THEIR
INDIVIDUAL CAPACITIES
     DEFENDANTS            :        NOVEMBER 15, 2016

## ANSWER AND AFFIRMATIVE DEFENSES OF VINCENT RAUCCI (IN HIS INDIVIDUAL CAPACITY)

**INTRODUCTION**:

    1-6. As to the allegations of Paragraphs 1-6, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

    7.    It is denied that Raucci was in any way responsible for Mr. Lewis' wrongful conviction. As to the remainder of the paragraph, this defendant has insufficient knowledge with which

to form a belief, and therefore leaves the plaintiff to its proof of same.

8.   The defendant Raucci denies that he engaged in unconstitutional tactics and misconduct in the line of duty or, was engaging in criminal and official misconduct. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

## JURISDICTION AND VENUE:

9-10.   As to the allegations of Paragraphs 9-10, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

11.   Admitted.

## JURY DEMAND:

12.   This paragraph sets forth a demand for trial by jury, and such, does not require a response from this defendant.

## PARTIES:

13.  As to the allegations of Paragraph 13, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

14.  As to the portion of Paragraph 14 which states "Defendant City of New Haven is, and at all times relevant to this Complaint was a municipality located in the State of Connecticut" is admitted. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

15.  As to the allegations of Paragraph 15, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

16.  As to the portion of the paragraph which states, "Defendant, Vincent Raucci, at all times relevant to this Complaint, was an office of the NHPD acting under color of law and within the scope of his employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New Haven and the NHPD", is admitted. It is admitted that Raucci was employed by the North Haven Police Department for a

period of time, but not as a Police Officer. It is also admitted that, after graduating from the Police Academy, Raucci was hired by the NHPD, in the early 1980's. It is admitted that Raucci was a member of the NHPD Street Crimes Unit during the 1980's. As to the portion of the paragraph which states, "At some point in late December 1990 or early 1991, possibly as a reward for his work on this investigation, Raucci was promoted to detective and joined the Homicide Unit. By the time of his promotion to Homicide, Raucci had been with the NHPD for approximately ten years", is denied.

17-20.   As to the allegations of Paragraphs 17-20, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

**FACTUAL ALLEGATIONS:**

21-37.   As to the allegations of Paragraphs 21-37, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

38.   The allegation that a raid was conducted by the NHPD narcotics squad, of which Raucci was a member, is admitted. As to

the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

39.   As to the portion of the paragraph which states, "Upon information and belief, both because of this debt and because Mr. Parise felt insulted by Mr. Lewis' refusal to accept a larger role in the organization, Mr. Parise arranged to make an example of Mr. Lewis", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, it is denied.

40.   As to the portion of the paragraph which states, "Well before the Turner-Fields murders, Detective Raucci had developed illicit and illegal connections to Mr. Parise and his criminal organization. Numerous individuals, including both civilians and members of the NHPD, reported to the FBI that Raucci and Mr. Parise appeared to be working together prior to and during the timeframe at issue in this case", is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with

which to form a belief, and therefore leaves the plaintiff to its proof of same.

41-47.   As to the allegations of Paragraphs 41-47, it is denied.

48.   That portion of this paragraph which suggests that Raucci engaged in misconduct is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof same.

49.   As to the allegations of this paragraph, it is denied.

50.   This defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

51-52   As to the allegations of Paragraphs 51-52, it is denied.

53.   This defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

54. It is denied that Raucci knew this statement was a complete fabrication. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

55. This defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

56. As to the allegations of this paragraph, it is denied.

57-58. As to the allegations of paragraphs 57-58, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

59-60. As to the allegations of paragraphs 59-60, it is denied.

61. This defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

62. Insofar as this paragraph alleges that Raucci used "inappropriate tactics with witnesses", is denied. It is also denied that "Sweeney permitted Raucci to join the interview and

to question Ruiz". It is also denied that "Raucci deliberately provide(d) Ruiz specific details about the murders for Ruiz to parrot back" and, that "Raucci falsely promise(d) Ruiz that he would be released if he stated that he had been the driver on the night of the murders". As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

63. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

64. Insofar as this paragraph alleges that Raucci engaged in corrupt practices, is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

65. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

66. As to the allegations of this paragraph, it is denied.

67. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

68. The allegation that "Raucci fabricated Ruiz's statement", is denied. As to the remainder of the paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

69-70. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

71. As to the allegations of this paragraph, it is denied.

72. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

73-75. As to the allegations of paragraphs 73-75, it is denied.

76. It is admitted that Raucci was present for Roque's taped statement. Raucci does not recall if Maher was present during that statement.

77-78.    As to the allegations of paragraphs 77-78, it is denied.

79-80.    As to the allegations of paragraphs 79-80, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

81-84.    As to the allegations of paragraphs 81-84, it is denied.

85.   As this defendant does not understand what is being referenced by "these events", this defendant is unable to respond to this paragraph.

86.   As to the allegations of this paragraph, it is denied.

87.   As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

88-89.    As to the allegations of paragraphs 88-89, it is denied.

90-96.    As to the allegations of paragraphs 90-96, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

97.   It is admitted that Raucci never made an attempt to interview Cardwell's girlfriend. Raucci has insufficient information to respond to the allegation "despite all of this evidence implicating Cardwell" and, accordingly, leaves the plaintiff to its proof of same. As to the remainder of the paragraph, Raucci is unable to recall those specific events that are alleged to have taken place some twenty-five years ago, without documentation.

98.   As to the allegations of this paragraph, it is denied.

99.   As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

100. The defendant Raucci admits that, at some point, he had applied for and, obtained an arrest warrant for Mr. Lewis. He does not recall the date of the application. As to the remainder of the paragraph, is denied.

101. That portion of the paragraph which states, "that Raucci and other defendants had coerced and fabricated statements from Ruiz, Roque, or Morant", is denied. As to the remainder of

the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

102-103.  As to the allegations of paragraphs 102-103, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

104. As to the allegations of this paragraph, it is denied.

105. It is admitted that, as some point, the defendant Raucci obtained a second arrest warrant. That portion of the paragraph which states, "Raucci's application was again based on false and fabricated witness statements, including from Morant and Ruiz", is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

106-107.  As to the allegations of paragraphs 106-107, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

108. As to the portion of the paragraph which states, "based in part on Raucci's testimony", is denied.  As to the remainder

of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

109-110. As to the allegations of paragraphs 10-110, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

111. That portion of the paragraph which suggests that the Defendant Raucci "inappropriately coached and coerced several witnesses (including Ruiz, Roque, and Morant) into making inculpatory statements against Mr. Lewis", is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

112-116. As to the allegations of paragraphs 112-116, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

117. To the extent of this paragraph suggests that the defendant Raucci participated in "unconstitutional and/or coercive techniques to fabricate and/or coerce false inculpatory

witness and suspect statements, and to suppress exculpatory witness statements", is denied. As to the remainder of the paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

118. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

119. As to the portion of the paragraph which states, "The NHPD and Chief Pastore's failure to supervise and discipline Raucci, and instead to promote and empower him, is just one example of the NHPD's unconstitutional conduct", this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same. As to the remainder of the paragraph, it is denied.

120-132.  As to the allegations of paragraphs 120-132, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

133. It is denied that the Defendant Raucci was engaged in a pattern of unconstitutional and illegal behavior.

134. It is denied that the Defendant Raucci was engaged in any misconduct in the discharge of his duties. As to the remainder of the paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

135. That portion of the paragraph which states, "because Raucci has a particularly close relationship with Chief Pastore – Raucci was known to frequent Chief Pastore's office and behave in an unusually casual and cavalier manner", is denied. As to the remainder of the paragraph, this defendant has insufficient information with which to form a belief, and therefore leaves the plaintiff to its proof of same.

136. As to the allegations of this paragraph, it is denied.

137. As to the portion of the paragraph which states, "at the time, Raucci was a member of the NHPD's Street Crimes Unit", is admitted. As to the remainder of the paragraph, it is denied.

138-139.  As to the allegations of paragraphs 138-139, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

140. As to the allegations of this paragraph, it is denied.

141. As to the portion of the paragraph which states, "on or around May 10, 1991, Raucci coerced a witness into providing a taped statement implicating Raucci's suspect in the high-profile murder of Yale University student Christian Prince", is denied. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

142. As to the allegations of this paragraph, it is denied.

143. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

144. As to the portion of the paragraph which states, "In December 1995, NHPD internal affairs investigators informed Chief Pastore that they had determined that Raucci had struck a suspect in the face with the butt of a large weapon during the course of

an arrest", is admitted. As to the remainder of the paragraph, this defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

145. As to the allegations of this paragraph, it is denied.

146. The defendant Raucci is without sufficient information to admit or deny with the "FBI's investigation", or "surveillance" revealed and, accordingly, leaves the plaintiff to its proof of same.

147. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

148. It is admitted that at some point, the defendant Raucci was suspended from his position with the NHPD. As to the remainder of the paragraph, this defendant has insufficient information with which to form a belief, and therefore leaves the plaintiff to its proof of same.

149. It is denied that Mr. Lewis was "prosecuted, convicted, and incarcerated based on Raucci's fabricated evidence".

150. As to the allegations of this paragraph, it is admitted.

151. It is admitted that, on some date, presently unknown to the defendant Raucci, he was arrested by the NHPD. It is denied that he thereafter "fled" to New Mexico. As to that portion of this paragraph which states, "when Raucci was arrested by New Mexico authorities, the NHPD instructed that Raucci be set free, explaining that the charges did not "fit the criteria for extradition", the defendant Raucci is without sufficient information and accordingly leaves the plaintiff to its proof of same. It is admitted that at some point, the defendant Raucci was interviewed by New Mexico authorities. It is denied that he was "accused of stealing thousands of dollars while living in New Mexico". The defendant Raucci denies that on June 20, 1999, he had "fled". As to the remainder of that allegation, the defendant Raucci is without sufficient information and, accordingly, leaves the plaintiff to its proof of same. It is admitted that on or about July 15, 1999, Raucci was arrested. As to the remainder of the allegation, is denied.

152-178.  As to the allegations of paragraphs 152-178, the defendant has insufficient knowledge with which to form a belief, and therefore, leaves the plaintiff to its proof of same.

179-183.  As to the allegations of paragraphs 179-183, it is denied as to the Defendant Raucci.

184. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

185-188.  As to the allegations of paragraphs 185-188, it is denied as to the Defendant Raucci.

189-190.  As to the allegations of paragraphs 189-190, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

191. As to the allegations of this paragraph, it is denied as to Defendant Raucci.

192. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

193-198.  As to the allegations of this paragraph, it is denied as to Defendant Raucci.

199. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

200-202. As to the allegations of paragraphs 200-202, it is denied as to the defendant Raucci.

203. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

204-206.  As to the allegations of paragraphs 204-206, it is denied as to the defendant Raucci.

207-213.  The defendant Raucci does not respond to the allegations set forth in Count V as, the allegations therein are not directed against him.

214. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

215-216.  As to the allegations of paragraphs 215-216, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

217. As to this paragraph, any allegations that suggest that the defendant Raucci engaged in misconduct, are denied. As to the remainder of the paragraph, this defendant has no knowledge with

which to form a belief, and therefore leaves the plaintiff to its proof of same.

218-222.  As to the allegations of paragraphs 218-222, it is denied as to the Defendant Raucci.

223. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

224-227.  As to the allegations of paragraphs 224-227, it is denied as to the Defendant Raucci.

228. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

229. As to the allegations of this paragraph, it is denied as to the Defendant Raucci.

230. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

231-235.  As to the allegations of paragraphs 231-235, it is denied as to the Defendant Raucci.

236. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

237-242.  As to the allegations of paragraphs 237-242, it is denied as to the Defendant Raucci.

243. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

244-247.  As to the allegations of paragraphs 244-247, it is denied as to the Defendant Raucci.

248. The defendant Raucci incorporates by reference all of his responses to the foregoing paragraphs.

249-250.  As to the allegations of paragraphs 249-250, it is denied as to the Defendant Raucci.

251. As to the allegations of this paragraph, the defendant has insufficient knowledge with which to form a belief, and therefore leaves the plaintiff to its proof of same.

252. As to the allegations of this paragraph, it is denied as to the Defendant Raucci.

253-255.  The defendant Raucci does not respond to the claims set forth in Count XII, as, they are not directed against him.

256-258. The defendant Raucci does not respond to the claims set forth in Count XIII, as, they are not directed against him.

**BY WAY OF AFFIRMATIVE DEFENSES:**

**FIRST AFFIRMATIVE DEFENSE:**

The plaintiff's complaint, or specific portions thereof, fail(s) to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Raucci, individually, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from all liability therefor.

**THIRD AFFIRMATIVE DEFENSE:**

The actions and conduct of the Defendant Raucci, individually, did not violate any clearly established constitutional or federal statutory right of which the Defendant Raucci, individually, reasonably should have been aware, and he is therefor entitled to qualified immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

Some or all of the claims brought against the Defendant Raucci, individually, are barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE:**

The plaintiff's complaint is barred by the applicable statute of repose.

```
                         SUBMITTED ON BEHALF OF
                         THE DEFENDANT,
                         NICHOLAS PASTORE


                         BY _____
                         STEPHEN P. DEL SOLE
                         DEL SOLE & DEL SOLE, L.L.P.
                         46 SOUTH WHITTLESEY AVENUE
                         WALLINGFORD, CT 06492
                         (203) 284-8000
                         (203) 284-1539 FAX
                         FEDERAL BAR NO. ct04493
                         STEPHEN@DELSOLEDELSOLE.COM.
```

## CERTIFICATION

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/EFC System.

Richard Emanuel
Law Offices of Richard Emanuel
246 Good Lane, Suite 106
Guilford, CT 06437
netrials@comcast.net
for plaintiff, Scott T. Lewis

Nick Brustin
Emma Freudenberger
Farhang Heydari
Vishal Agraharkar
Neufeld, Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
farhang@nsbcivilrights.com
for plaintiff, Scott T. Lewis

Christopher M. Neary
Deputy Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510
CNeary@newhavenct.gov
for defendant, City of New Haven

Thomas E. Katon
Michael J. Pinto
Susman, Duffy & Segaloff, P.C.
59 Elm Street
P.O. Box 1684

New Haven, CT 06507-1684
TKaton@susmanduffy.com
MPinto@susmanduffy.com
for defendant, Michael Sweeney

_____

Stephen P. Del Sole

**DEL SOLE & DEL SOLE, LLP** • ATTORNEYS AT LAW
46 SOUTH WHITTLESEY AVENUE • WALLINGFORD, CT 06492-4102 • JURIS NO. 101674 • (203) 785-8500